### SAMUEL DE PALMA, ADMR.
(Estate of Michael De Palma)

vs.

### THE CONNECTICUT COMPANY

Superior Court      Fairfield County      File #37864

Present:  Hon. ERNEST.C. SIMPSON, Judge.

Maurice E. Resnick (Withdrawn),
David Goldstein (Withdrawn),
John P. Flanagan (Withdrawn),
Gray & Gray,          Attorneys for the Plaintiff.

Pullman & Comley,        Attorneys for the Defendant.

### MEMORANDUM FILED JANUARY 24, 1935

SIMPSON, J.  Prior to November 1, 1934, this case had been tried to the jury three times, the jury disagreeing each time. On November 1, 1934, on the trial for the fourth time, the jury rendered a verdict for the defendants. On November 2, 1934, a motion was filed by plaintiff to set the verdict aside. Owing to change of the Counsel, the Court, at the new Counsel's request, continued the hearing on the motion to set the verdict aside until the second week in December. This was done at request of the new counsel that he might procure a copy of the testimony and the charge of the Court. The counsel procured a copy of the testimony and the charge and argued the motion on December 10, 1934. On December 24, 1934, the plaintiff filed a so-called "Plaintiff's Notice of Appeal" and at the same time filed a motion for extension of time of two weeks, beyond the time allowed by rule to file Request for Finding and take an appeal. The Court granted the latter motion and the time for taking an appeal and file a request for a finding expired under the extension January 9, 1935. Notwithstanding, the plaintiff has never filed an appeal, either from the judgment or from the denial of the Court to set the verdict aside. The plaintiff is not entitled to a finding until an appeal has been taken.

The so-called Request for a Finding filed on January 11th, even if it had been filed on time, is not proper in form or substance. It sets forth no claimed errors of the Court, committed during the course of the trial. Without these, the adverse party is in no position to prepare a Counter-finding nor is the Court in a position to make a Finding. The "Claims", appended to the proposed finding, would indicate that plaintiff's counsel was merely seeking to have the Court's denial of the motion to set aside the verdict reviewed. If this is the object of the plaintiff's counsel, no finding by the Court is necessary.

It seems to me that the plaintiff and the plaintiff's counsel have been shown every consideration in this case. No appeal has been filed, yet an extension of two weeks was given for that purpose. Nor has a proper request for a Finding been made. In view of these facts, the plaintiff is not entitled to a Finding and the Court, of its own Motion, respectfully declines to make one.

This action renders it unnecessary to pass upon the defendant's Motion to Erase and Strike Out.